IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  No. 1:09-cr-20298-JDB-1

LARRY DALE HENRY,

    Defendant.

---

ORDER TRANSFERRING MOTION TO DISMISS
TO SIXTH CIRCUIT AS A SECOND OR SUCCESSIVE PETITION

---

Before the Court is the motion of the Defendant, Larry Dale Henry, to dismiss "the[] [child pornography] charges" to which he pleaded guilty in 2010 on the grounds that this Court lacked subject matter jurisdiction. (Docket Entry ("D.E.") 77 at PageID 188.) Citing *Bond v. United States*, 134 S. Ct. 2077 (2014), he argues that his "case should have been charged in the state courts." (D.E. 77 at PageID 188.) For the following reasons, the motion must be transferred to the Court of Appeals for the Sixth Circuit.

In 2012, the inmate filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Case No. 1:12-cv-01278-JDB-egb), in which he asserted three claims: (1) the sentence was excessive, (2) counsel rendered ineffective assistance with regard to the plea agreement and sentence, and (3) the sentence was imposed in violation of the Sixth Amendment in light of *Alleyne v. United States*, 570 U.S. 99 (2013). On June 4, 2014, the Court held that all three claims were time-barred and without merit. (Case No. 1:12-cv-01278-JDB-egb, D.E. 15.)

The instant motion asserts a new ground for relief. The motion is therefore a second or successive § 2255 petition. *See United States v. Gastelum-Lara*, 478 F. App'x 303, 305 (6th Cir.

1

2012) (per curiam) (federal inmate's motion to dismiss indictment, which presented new claim, was properly construed as second or successive § 2255 petition, citing *Gonzalez v. Crosby*, 545 U.S 524, 531-32 (2005)); *see also United States v. Schmutzler*, No. 1:CR-13-0065, 2017 WL 930455, at *1-2 (M.D. Pa. Mar. 9, 2017) (defendant's motion for relief from judgment, which presented new claim under *Bond* that the court did not have subject matter jurisdiction over his child pornography charges, was a second or successive § 2255 petition), *appeal docketed,* No. 17-2621 (3d Cir July 26, 2017).

The motion cannot be considered by this Court unless the Defendant first obtains permission from the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court TRANSFERS the motion to the Sixth Circuit as a second or successive petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) (district courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

IT IS SO ORDERED this 13th day of March 2018.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE